### PEOPLE *ex rel.* STEVENSON *v.* GILON *et al.*

*(Supreme Court, General Term, First Department.* February 11, 1891.)

1. CERTIORARI—TO REVIEW ASSESSMENTS.
    *Certiorari* to review a sewer assessment issued after the assessment list has been sent to the board of revision and correction, but before any action has been taken upon it by that body, and so before there has been a final determination of the objections made to the assessment, will be dismissed, because, under Code Civil Proc. N. Y. § 2122, *certiorari* does not lie when the judgment is not final, or can be reviewed on appeal, and also because another remedy is offered by the New York consolidation act, §§ 897–914, which provide a series of actions for the vacation of assessments for local improvements.

2. SAME—RECORD.
    Where the only evidence upon which it was sought to avoid the assessment was contained in the affidavit of relator's attorney made on information and belief, there is nothing before the court for review.

*Certiorari* to the board of assessors and board of revision of the city and county of New York on the petition of Vernon K. Stevenson and others to review their action in imposing and confirming an assessment for the building of a sewer in Eighth avenue, between 105th and 114th streets. The list was made up in the usual way, objections were urged before the board of assessors, which were overruled, and the list transmitted to the board of revision and correction. Prior to such transmission the *certiorari* herein was obtained, and the confirmation by the board of revision of the assessment was subsequently made.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Truman H. Baldwin,* for relators.   *Geo. L. Sterling,* for respondents.

BRADY, J.  The board of assessors are appointed under section 865 of the consolidation act, and who, on completing the assessment lists, transmit them, as required by the statute, to the board of revision and correction. That board or a majority are obliged by section 867 of the consolidation act to perform all powers and duties relative to the revision, correction, and confirmation of assessment lists specified in the various laws relating to assessments in the city of New York, other than assessments made by commissioners appointed by a court or justice.  They have the power and it is their duty to consider on the merits all objections made to any assessment, and to subpœna and examine witnesses in relation thereto, if necessary, and to confirm said assessments, or to refer the same back to the board of assessors and correction in such respects as they may determine.  The importance of these provisions is apparent from the fact that section 2122 of the Code of Procedure declares that a *certiorari* cannot be issued in either of the following cases: *First,* to review a determination which does not finally determine the rights of the parties with respect to the matter to be reviewed; *second,* when the determination can be adequately reviewed by an appeal to a court or some other body or officer. The importance of these provisions herein is demonstrated, inasmuch as the board of revision and correction might have sustained the objections made before the assessors, and no further action would have been required by the relator.  That the board did not do so does not affect the principle; indeed, we are not supposed to be advised of that as a subsequent incident.  It is enough that they had the power to do so.  The *certiorari* having been obtained, therefore, after the list already mentioned was sent to the board of revision and correction, and before any action upon it by that body, there was no final determination of the objections made, and which, as we have seen, the board of revision had the power to consider, revise, and remit, and in relation to which they had the power also to subpœna and examine witnesses. Independently, however, of these provisions, though quite conclusive, title 3 of the consolidation act, in reference to vacating and modifying assessments imposed for local improvements, provides, by a series of sections, for the vacation of any assessment or to remove a cloud upon the title.  See sections 897-914, inclusive.  Section 897 declares substantially that, for the vacation of any assessment on the lots in the city of New York, the owners of property shall be confined to their remedies.  It is perhaps needless to say, the rule being so well settled as to be very familiar, that the court only interferes by *certiorari* when there is no other remedy.  There are therefore herein two points presented by the respondent which seem to be fatal: *First,* that there was no final determination; and, *second,* that there existed another remedy, to which the relators could have resorted.  There is still, however, a further reason, and that is that the only evidence on which the relators seek to avoid the assessment is contained in the affidavit of his attorney, and which is on information and belief.  The evidence on which the board of assessors acted is therefore not before the court.  Entertaining these views, there is but one disposition to make of this writ, and that is to dismiss it, with costs.

All concur.