PEOPLE *ex rel.* MARTIN *v.* GILON *et al.*, Assessors.

(*Supreme Court, General Term, First Department.* April 17, 1891.)

1. MUNICIPAL IMPROVEMENTS—ASSESSMENTS—REVIEW BY CERTIORARI.
    *Certiorari* to review an assessment, before action thereon by the board of revision and correction, having power to revise, correct, and confirm such assessments, is premature. Following *People* v. *Gilon*, 13 N. Y. Supp. 455.

2. SAME—YEARLY INSTALLMENTS.
    New York City Consolidation Act, § 920, providing that assessments for certain local improvements "shall be payable in yearly installments of five per centum of the whole amount of each of such assessments," does not require separate assessments for each yearly installment. Per LAWRENCE, J.

*Certiorari,* on the relation of Isaac P. Martin, to review the proceedings of the board of assessors of the city of New York in levying an assessment upon the relator's property.

Argued before VAN BRUNT, P. J., and DANIELS and LAWRENCE, JJ.

*James A. Deering,* for relator. *William H. Clark,* (*George L. Sterling,* of counsel,) for respondents.

LAWRENCE, J. We do not think that the proper construction of section 920 of the consolidation act requires that there should be separate assessments for the improvements mentioned in that act until the whole amount of the assessment has been laid. The true construction of that section is that, where an assessment has been levied upon property for any of the purposes specified in said section, the party assessed shall be allowed to pay, in yearly installments, 5 per cent. of the whole amount assessed, until the same has been wholly paid. In other words, the statute allows the owner of the property 20 years within which to make such payment. The construction contended for by the counsel for the relator would involve the making of 20 different assessments, of 5 per cent. each, which would not only materially increase the burden imposed upon the individual, but also seriously complicate the proceedings before the assessors, without any corresponding benefit to the owner. If this view is right, then it necessarily follows that the assessors had jurisdiction to make the assessment of which the relator complains. The cases cited by the learned counsel for the relator proceed upon the ground that the assessors never acquired jurisdiction, and are therefore inapplicable. Furthermore, as it is within the power of the board of revision and correction of assessment lists to review and correct all assessment lists, other than those made by commissioners appointed by a court of justice, the *certiorari* in this case was prematurely obtained. Consolidation Act, § 867. It must be assumed that the board will do its duty and correct any errors in the assessment list, and, until they have passed upon the alleged errors of the assessors, there is no final decision which we can review. This point has been so recently decided by this court in the case of *People* v. *Gilon,* 13 N. Y. Supp. 455, that it is unnecessary to pursue it further. See opinion of the court by BRADY, J. The writ must therefore be dismissed, with costs.

VAN BRUNT, P. J., concurs on last ground stated, without expressing any opinion as to the first.

DANIELS, J., concurs.